UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARIO ALLEN, )<br>)<br>Petitioner, )<br>v. )<br>)<br>RICHARD BROWN, Superintendent, )<br>)<br>Respondent. ) | No: 2:13-cv-0386-LJM-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Mario Allen was convicted in 2004 of robbery and attempted robbery. Presently pending before the Court is Mr. Allen's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Mr. Allen's petition is **denied** and the action is dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I.
## Background

The Indiana Court of Appeals summarized the relevant procedural background of Mr. Allen's convictions and state court proceedings:

> Allen was convicted of Class B felony attempted robbery and Class B felony robbery on May 27, 2004. He was also determined to be an habitual offender. On June 24, 2004, the trial court sentenced Allen to an aggregate term of forty-five years.
>
> Following sentencing, a public defender was appointed to represent Allen on appeal, and this counsel timely filed a notice of appeal on July 20, 2004.

> On December 6, 2004, . . . Allen's counsel moved to withdraw his appearance, citing a conflict of interest. . . . This court subsequently granted [the] motion[]. In our February 2, 2005 order granting Allen's counsel's motion to withdraw, we noted that this court has no funds to pay for the services of appointed counsel, and we directed Allen to apply to the trial court for the appointment of subsequent pauper counsel to proceed with his appeal. No substitute counsel was ever appointed.
>
> Allen subsequently filed various motions in this court seeking relief based on the lack of appellate counsel, which we denied. On May 9, 2005, we ordered the LaPorte Superior Court No. 1 to appoint successive appellate pauper counsel for Allen, and granted a ninety-day extension to file the appellant's brief. The then-judge of the LaPorte Superior Court No. 1 still failed to appoint counsel for Allen. Allen then filed various other pro se filings with this court, including a "complaint" and a "motion for automatic reversal," all of which were denied. On September 20, 2005, we dismissed Allen's appeal for failure to file an opening brief.
>
> On August 27, 2008, Allen filed a petition for permission to pursue a belated appeal pursuant to Indiana Post Conviction Rule 2(3).1 The motions panel of this court denied this petition on September 15, 2008, with one judge dissenting. On December 1, 2010, Allen filed a petition for post-conviction relief under Post Conviction Rule 1, alleging that he had been wholly denied the assistance of counsel in his attempt to pursue a direct appeal. The post-conviction court held a hearing on Allen's petition on March 18, 2011.
>
> At the hearing, Allen argued that he was denied the assistance of counsel during his direct appeal and that the appropriate remedy was either his immediate release or to grant him a new trial. The State conceded that Allen had been denied the right to counsel during his direct appeal but noted that this did not necessarily affect the validity of Allen's convictions or sentence. Therefore, the State argued that the appropriate remedy was to permit Allen to pursue his direct appeal with the assistance of counsel. On June 17, 2011, the post-conviction court entered findings of fact and conclusions of law determining that Allen had indeed been denied the assistance of appellate counsel. The post-conviction court agreed with the State that Allen was not entitled to immediate release or a new trial. But the post-conviction court concluded that it was without the authority to reinstate Allen's direct appeal itself.

*Allen v. State*, 959 N.E.2d 343, 344-45 (Ind. Ct. App. 2011) ("*Allen I*"). The Indiana Court of Appeals agreed with the post-conviction court that Mr. Allen was entitled to a direct appeal rather than a new trial or release. *Id.* at 346. Therefore, it affirmed the post-

conviction court's decision, reinstated Mr. Allen's direct appeal, and remanded with instructions that the trial court appoint Mr. Allen appellate counsel. *Id.* at 346-47.

Mr. Allen raised three claims in his reinstated direct appeal. [Filing No. 36-11 at 2.] The Indiana Court of Appeals rejected those claims and affirmed his convictions on September 18, 2013 ("*Allen II*"). [Filing No. 36-11.] Mr. Allen did not seek review by the Indiana Supreme Court.

Mr. Allen filed the instant petition for a writ of habeas corpus on October 31, 2013. The Court dismissed this case on January 2, 2014, because Mr. Allen was at that time a restricted filer in the Seventh Circuit and thus this case should not have been filed. Mr. Allen appealed the dismissal to the Seventh Circuit. Because the Indiana courts had reinstated Mr. Allen's direct appeal after Mr. Allen's filing bar was enacted, the Seventh Circuit lifted the filing bar since his conviction was then final. [Filing No. 24 at 3.] This case was remanded for further consideration, and the Court ordered the respondent to respond to Mr. Allen's habeas petition. His petition is now fully brief and ready for consideration.

## II.
## Discussion

Mr. Allen raises a single claim in his habeas petition. Although at times difficult to discern, he seems to argue that since the post-conviction court granted him relief on his ineffective assistance of appellate counsel claim, he is entitled to release from prison. [*See* Filing No. 2 at 3; Filing No. 2-1 at 1.] The respondent argues that Mr. Allen is essentially trying to challenge the Indiana Court of Appeals's decision in *Allen I* that he is only entitled to a new direct appeal and not release or a new trial—as he has done in multiple other habeas petitions filed in federal court—and that challenges to alleged errors

in state post-conviction proceedings are not cognizable in federal habeas proceedings. [Filing No. 36 at 8-10.] Mr. Allen does not directly reply to the respondent's argument. He does, however, make clear that he is indeed challenging the Indiana Court of Appeals's decision in *Allen I* that he is only entitled to a new direct appeal, and he asks the Court to immediately release him because the Indiana Court of Appeals's decision was erroneous. [Filing No. 38 at 4-7.]

"The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). Mr. Allen's claim does not support a challenge cognizable in a federal habeas corpus proceeding because it challenges the remedy provided in a state post-conviction proceeding, rather than his conviction or reinstated direct appeal. Whether, and if so the way in which, the Indiana state courts elect to remedy defects using Indiana post-conviction procedures does not support a cognizable claim for habeas corpus relief.[1] *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) ("Unless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief."); *see also Resendez v. Smith*, 692 F.3d 623, 628 (7th Cir. 2012) ("[T]hat the State may have failed to comply with its post-conviction procedures would not raise a cognizable federal habeas claim.").

### III.
### Conclusion

---

[1] The Court notes that the Seventh Circuit has provided the same remedy—a new direct appeal—when remedying a meritorious ineffective assistance of appellate counsel claim. *See, e.g.*, *Shaw v. Wilson*, 721 F.3d 908, 919-20 (7th Cir. 2013).

"To say that a petitioner's claim is not cognizable on habeas review is . . . another way of saying that his claim 'presents no federal issue at all.'" *Perruquet*, 390 F.3d at 511 (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Accordingly, Mr. Allen's petition for a writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

## IV.
## Certificate of Appealability

Rule 11(a) of the *Rules Governing § 2254 Cases* requires the district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and "[i]f the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Pursuant to § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing includes demonstrating "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted).

The Court finds that Mr. Allen has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: \_\_\_11/17/2015\_\_\_

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Mario Anthony Allen
No. 143473
Pendleton- Correctional Industrial Facility
Inmate Mail/ Parcels
5124 W. Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel